PEOPLE v. TEELE.

(Supreme Court, Appellate Division, Second Department. March 5, 1909.)

1. Food (§ 21*)—Oleomargarine—Wrongful Sale.
   Evidence *held* to warrant a finding that defendant sold oleomargarine manufactured or produced in imitation or semblance of natural butter, in violation of Agricultural Law (Laws 1893, p. 663, c. 338) § 26.
   [Ed. Note.—For other cases, see Food, Cent. Dig. § 22; Dec. Dig. § 21.*]

2. Food (§ 14*)—Wrongful Sale—Gist of Offense.
   In a prosecution for the wrongful sale of oleomargarine, in violation of Agricultural Law (Laws 1893, p. 663, c. 338) § 26, the gist of the offense is the sale of oleomargarine manufactured or produced "in imitation or semblance of natural butter," rather than deceit in the sale of the article.
   [Ed. Note.—For other cases, see Food, Cent. Dig. § 10; Dec. Dig. § 14.*]

3. Food (§ 21*)—Oleomargarine—Coloring—Presumptions.
   Where, in a prosecution for selling oleomargarine, it was shown that the substance sold had coloring in it, it will be presumed that the oleomargarine sold for butter was actually colored to imitate butter.
   [Ed. Note.—For other cases, see Food, Cent. Dig. § 22; Dec. Dig. § 21.*]

Appeal from Court of Special Sessions, New York County.

Frank Teele was convicted of selling oleomargarine manufactured and produced "in imitation or semblance of natural butter," in

violation of Agricultural Law (Laws 1893, p. 663, c. 338) § 26, and he appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and MILLER, JJ.

Henry J. Goldsmith, for appellant.

John F. Clarke and Peter P. Smith, for the People.

WOODWARD, J. The evidence before the court clearly established that the defendant entered the restaurant of one Mrs. McLean at Coney Island on the 26th day of June, 1908, and announced himself as "the butter man"; that Mrs. McLean responded, "I'll have one tub of butter, please;" that defendant said, "One tub," and that Mrs. McLean answered, "Yes;" that the defendant then went out and brought in a ten-pound package; that he left the same on the ice chest, and then went to the desk and was paid a sum of money, and then left the place; that the complaining witnesses, agents of the agricultural department, then took samples of the contents of the tub and gave them over to a chemist, who pronounced them oleomargarine.

It is not disputed that the contents of the tub was oleomargarine, but it is urged that the evidence does not disclose that the defendant sold it as butter. In this we believe there is no merit. The evidence shows that the defendant declared himself to be the "butter man," and that Mrs. McLean ordered one tub of butter, and that what she received was not butter, but oleomargarine. There is probably no doubt of the right of the defendant to sell oleomargarine as oleomargarine (People ex rel. McAuley v. Wahle, 124 App. Div. 762, 109 N. Y. Supp. 629); but in this case he appears to have represented that he was selling butter, and that the purchaser ordered butter, and that the stuff delivered was not butter. It is complained that the prosecution did not produce Mrs. McLean to testify that she bought butter; but there was no dispute as to the facts as testified to by the complaining witnesses, and, if it was true that she ordered and expected to receive oleomargarine, she was an available witness for the defendant, so that there is no particular inference to be drawn from her absence from the witness stand.

It is doubtless true that the statute in terms prohibits the sale of oleomargarine manufactured or produced "in imitation or semblance of natural butter," and that that, rather than deceit in the sale of the article, is the gist of the offense; but obviously the statute was intended to prevent the sale of oleomargarine for butter. Now, in this case, we have the established fact that the defendant sold oleomargarine as and for butter and that the article sold had coloring in it. A bottle, containing a sample of it, was put in evidence. This was enough to justify a finding, which we must presume was made, that the oleomargarine sold for butter was actually colored to imitate butter.

The judgment of conviction should be affirmed. All concur.